1

2

3

4                                                                          *E-Filed 4/15/10*

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11

12   ANTHONY FORREST,                              No. C 09-1934 RS (PR)

13              Petitioner,                        **ORDER OF DISMISSAL**

14        v.

15   R. K. WONG, Warden,

16              Respondent.
                                            /
17

18                                **INTRODUCTION**

19        This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28

20   U.S.C. § 2254.  For the reasons stated herein, respondent's motion to dismiss the petition for

21   failure to exhaust state judicial remedies (Docket No. 6) is GRANTED.  Accordingly, the

22   petition is DISMISSED without prejudice to petitioner's filing of proof that he exhausted his

23   state judicial remedies.

24                                **DISCUSSION**

25        Prisoners in state custody who wish to challenge collaterally in federal habeas

26   proceedings either the fact or length of their confinement are first required to exhaust

27   state judicial remedies, either on direct appeal or through collateral proceedings, by

28

**United States District Court**
For the Northern District of California

presenting the highest state court available with a fair opportunity to rule on the merits

of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),

(c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982).  The state's highest court must be given an

opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's

established appellate review process.").  Even though non-exhaustion is an affirmative

defense, the petitioner bears the burden of proof that state judicial remedies were properly

exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).  If available state remedies

have not been exhausted as to all claims, the district court must dismiss the petition. *See*

*Rose*, 455 U.S. at 510.

Respondent contends that the instant petition is unexhausted because petitioner never

presented his claims to the California Supreme Court for decision.  (Mot. to Dismiss

("MTD") at 4.)  Petitioner, however, asserts in his petition that he did present his claims to

the state superior and supreme courts, and that the state supreme court granted his petition in

April 2009.  (Pet. at 4.)  Respondent counters that petitioner has filed no exhibits in support

of his assertion, and that "the California Supreme Court's official website has no record of

any petitions challenging this judgment filed by petitioner in 2009 or at any other time."

(MTD at 2–3.)  Petitioner has not opposed respondent's motion, even though he has had an

opportunity to file opposition since the motion was filed on October 14, 2009.

Having reviewed the papers and documents submitted by the parties, this Court

concludes that petitioner has not established that he fairly presented his claims to the

California Supreme Court for decision.  Specifically, petitioner has not filed an opposition

to refute respondent's argument or provided any evidence to the contrary.  Therefore,

petitioner has failed to meet his burden of proof that state judicial remedies were

properly exhausted with respect to these claims. *See Parker*, 429 F.3d at 62.  Accordingly,

respondent's motion to dismiss the claims as unexhausted is GRANTED.  The petition is

DISMISSED.

**United States District Court**
For the Northern District of California

1

## CONCLUSION

2        For the reasons stated above, respondent's motion to dismiss is GRANTED.

3    Accordingly, the petition is DISMISSED without prejudice to petitioner's filing with the

4    Court an amended petition that includes proof that he presented his claims to, and that they

5    were ruled on by, the California Supreme Court.

6        A certificate of appealability will not issue.  Petitioner has not shown "that jurists of

7    reason would find it debatable whether the petition states a valid claim of the denial of a

8    constitutional right and that jurists of reason would find it debatable whether the district court

9    was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

10       This order terminates Docket No. 6.

11       The Clerk shall terminate the pending motion, enter judgment in favor of respondent,

12   and close the file.

13       **IT IS SO ORDERED**.

14   DATED:  April 14, 2010

     RICHARD SEEBORG
15   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 09-1934 RS (PR)
ORDER OF DISMISSAL

3

**United States District Court**
For the Northern District of California

1    **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2    Anthony Forrest
     E-23373
3    San Quentin State Prison
     San Quentin, Ca 94974
4

5    DATED:  04/14/2010

6

7                                         s/ Chambers Staff
                                          Chambers of Judge Richard Seeborg
8

9
     * Counsel are responsible for distributing copies of this document to any co-counsel who
10   have not registered with the Court's electronic filing system.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                    No. C 09-1934 RS (PR)
                                          4                         ORDER OF DISMISSAL